# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:18CR361 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| ANDREW A. SHONK, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Defendant, Andrew Shonk, pleaded guilty to Count One of the Indictment under 28 U.S.C. § 2252(a)(2), Receipt of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct and Count Two of the Indictment under 28 U.S.C. § 2252 A(a)(5)(B), Possession of Child Pornography. Defendant was ordered to pay a $5,000 additional special fine, per count, under 18 U.S.C. § 3014, for a total amount of $10,000. Pursuant to 18 U.S.C. § 3014, the court shall assess a special fine of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117 or Section 274 of the Immigration and Nationality Act. Defendant is currently serving a 132 month sentence at FCI Elkton for Count One and Count Two.

A defendant is only required to pay the $5,000 special fine, per count, if the defendant is non-indigent. 18 U.S.C. § 3014(a) (2012). For the following reasons, this Court does not find Defendant to be indigent. On October 25, 2018, Defendant was referred to the U.S. Probation Department for the Preparation of a Pre-Sentence Report ("PSR"). On January 22, 2019, the final PSR was reviewed and revised. According to the final PSR, Defendant had in his possession or control a retirement account, an Ally Bank personal checking account, and equity in a residence

located in Massillon, Ohio. Therefore, this Court finds that at the time of the final PSR, Defendant was not indigent.

On April 10, 2019, Defendant filed a Motion to Waive Additional Special Assessment and provided a Financial Affidavit. In the Financial Affidavit, Defendant reports the same equity in the Massillion, Ohio residence and the same balance in the Ally Bank checking account; however, a retirement account was not reported nor was an accounting for this account reported.

Even if the Defendant is currently unable to pay the special assessment, this Court can consider his ability to earn an income following his release from prison. Courts around the country have consistently held that a district court can consider the defendant's future financial condition, including future earning potential, when making an indigency determination. *See United States v. Mason Shepherd*, 922 F.3d 753 (6th Cir. May 1. 2019); *United States v. Kelley*, 480 F.3d 1205 (8th Cir. 2017) (ordering payment of the $5,000 special fine under § 3014 on a presently indigent defendant who was an "Eagle Scout with a college degree" with the potential in the future to be "employed and to earn the money from which he could pay the assessment."); *United States v. Graves*, 908 F.3d 137 (5th Cir. 2018) (following Kelley in holding that future earning potential suffices); *United States v. Janatsch*, 722 Fed.Appx. 806 (10th Cir. 2018) (unpublished).

As provided in Defendant's Financial Affidavit, Defendant has future earning potential either through employment after serving his prison sentence or rental of his home. Thus, pursuant to 18 U.S.C. § 3014, this Court does not find the Defendant to be indigent, and the Defendant is required to pay a $5,000 additional special fine, per count, for a total amount of $10,000.

For the above reasons, the Defendant's Motion to Waive the Additional Special Assessment (ECF #26) is denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 29, 2019